**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AHMAD RAY SHAYESTEH, | : | |
| Petitioner | : | No. 1:14-CV-01302 |
| vs. | : | (Judge Caldwell) |
| WARDEN MARY SABOL, et al., | : | |
| Respondents | : | |

**MEMORANDUM AND ORDER**

**BACKGROUND**

On July 8, 2014, Ahmad Ray Shayesteh, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1, Petition for Writ of Habeas Corpus. Shayesteh is currently incarcerated at the York County Prison, York, Pennsylvania, based on removal proceedings initiated by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), on October 13, 2013. Id.; Doc. 13-1, Attachment to Response to Shayesteh's Motion for Expedited Judicial Review of His Continued Detention, at 1-13. Shayesteh was taken into the custody of ICE on June 4, 2014, after he completed a federal sentence for drug trafficking. Id.

It was averred by the Department of Homeland Security that Shayesteh was a native and citizen of Iran; he was admitted to the United States at New York, New York, as a non-immigrant student on December 23, 1978; he adjusted his status to a lawful permanent

resident on May 15, 1981; on August 24, 1988, he was convicted in the United States District Court for the District of Arizona of two counts of mail fraud in violation of 18 U.S.C. § 1341 for which he received a sentence of imprisonment of 20 months; on July 1, 1997, he was convicted in the United States District Court for the District of Utah of two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and received a sentence of imprisonment of 262 months;[1] and that he was subject to removal based on those convictions. Id.

During the plea and sentencing proceedings in the United States District Court for the District of Arizona in 1988, the individual entering the plea of guilty to mail fraud was identified as Behrooz K. Behnezhad, a native and citizen of Iran. Doc. 9-1, Exhibits in Support of Respondents' Response to Petition for Writ of Habeas Corpus, at 52-58. The individual pleading guilty claimed that he did not want to reveal his real name because of "fear of reprisals in Iran[.]" Id. at 53. The individual further stated in response to a question from the district court that he was not making "any contention [] that he has a lawful status in the United

---

[1] The record reveals that in June, 1995, Shayesteh was charged in a two-count indictment with possession of controlled substances with intent to distribute. Doc. 9-3, Exhibits in Support of Respondents' Response to Petition for Writ of Habeas Corpus, at 52. The charges arose out of a motor vehicle stop where Shayesteh was found in possession of 632 grams of cocaine and approximately 2000 grams of methamphetamine. Id.

2

States" and specifically admitted he was born in Iran. Id. at 57 and 59.

   The Department of Homeland Security averred during the removal proceedings that Behnezhad and Shayesteh were the same individual. Doc. 13-1, Attachment to Response to Shayesteh's Motion for Expedited Judicial Review of His Continued Detention, at 1-13. An order of removal was issued by an Immigration Judge on September 22, 2014. Id. The Immigration Judge found that the Department of Homeland Security presented sufficient evidence of Shayesteh's alienage and requisite criminal convictions and, consequently, he was subject to removal from this country. Id. Notably, the Immigration Judge referred to a probation officer's statement in a presentence report relating to Shayesteh's 1997 conviction for drug possession with intent to deliver that Shayesteh admitted that he was born in Tehran, Iran. Id. at 9-10. The Immigration Judge also relied on an FBI fingerprint analysis relating to the individual associated with the 1988 and 1997 convictions. Id.; Doc. 9-1, Exhibits in Support of Respondents' Response to Petition for Writ of Habeas Corpus, at 22-24. That analysis confirmed that "all arrest entries contained in this FBI record are based on fingerprint comparisons and pertain to the same individual." Id. On February 24, 2015, the Board of Immigration Appeals dismissed an appeal filed by Shayesteh of the Immigration Judge's removal order. Doc. 18,

3

Petitioner's Fourth Notice that Urgent Matter is Pending before the Court, at 1 n.1.

Shayesteh claims he is a "native-born American citizen" and thus not subject to removal from the United States, and his continued detention is in violation of his rights under Due Process Clause of the Fifth Amendment to the United States Constitution. Id. Shayesteh does not claim that his detention by ICE has become unreasonably prolonged pending his removal from the United States or that it is not likely he will be deported in the foreseeable future but merely that his detention and removal is illegal because he is actually a citizen of the United States. Id. He contends to be the victim of mistaken identity and maintains that he is not the same person as Behrooz Behnezhad who was convicted of mail fraud in 1988. Id. The required filing fee has been paid. A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition for writ of habeas corpus will be dismissed.

**DISCUSSION**

The Respondents contend that the exclusive means of review of an order of removal is by way of petition for review brought before the United States Court of Appeals for the Third Circuit. In addition, they contend that the habeas petition should be dismissed

4

because Shayesteh is now in post-final order detention,[2] his detention is constitutionally permissible, and he has not shown that his removal in the foreseeable future is unlikely. We find substantial merit in the Respondents' arguments.

It is clear that Shayesteh is challenging the final order of removal based on a claim that he is a United States citizen. Section 106 of the REAL ID Act of 2005 amended section 242(a) of the INA to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the applicable court of appeals. H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231. Thus, this Court is without jurisdiction to offer petitioner relief with respect to any challenge he makes to his underlying order of removal, including his claim that he is a United States citizen.[3]

---

[2]Prior to the order of removal, Shayesteh was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B) because the 1997 conviction was for drug trafficking.

[3]The record establishes that Shayesteh is a native and citizen of Iran. In addition to the evidence mentioned earlier, Shayesteh while serving the sentence of 262 months imposed by the United States District Court for the District of Utah in 1997 filed two federal civil lawsuits. The first case was filed by Shayesteh (Federal Bureau of Prisons inmate #21396-008) on May 28, 2004, in the District of Utah and named multiple defendants, including 20 "John Does." Doc. 9-2, Exhibits in Support of Respondents' Response to Petition for Writ of Habeas Corpus, at 70-86(Docket sheet)(Shayesteh v. Central Bank, et al., No. 2:04-CV-00488-CW (D. Utah filed May 28, 2004)). At the time Shayesteh filed this first case he was incarcerated at the Federal Correctional Institution,
(continued...)

To the extent that Shayesteh is challenging his continued detention by ICE, detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under

---

[3](...continued)
Sandstone, Minnesota. Doc. 9-3, Exhibits in Support of Respondents' Response to Petition for Writ of Habeas Corpus, at 14 (Certificate of Mailing of Complaint). In the complaint Shayesteh specifically stated as follows: "3.The Plaintiff, Ahmad R. Shayesteh (herinafter also referred to as "Shayesteh"), is a citizen of the country of Iran. Moreover, in May of 1995 the Plaintiff's primary residence had been in the State of Arizona for five (5) years." Doc. 9-2, Exhibits in Support of Respondents' Response to Petition for Writ of Habeas Corpus, at 88-89 (Complaint, ¶3). The second civil case was filed in the District of Utah by Shayesteh (Federal Bureau of Prisons inmate number 21396-008) on February 11, 2005, against multiple law enforcement personnel. Doc. 9-3, Exhibits in Support of Respondents' Response to Petition for Writ of Habeas Corpus, at 15-23 (Docket sheet)(Shayesteh v. Aaron Raty, et al, No. 2:05-CV-00085-TC (D.Utah filed Feb. 11, 2005)).  At the time Shayesteh filed this case he was incarcerated at the Federal Correctional Institution, Fort Dix, New Jersey. Id. In this second complaint Shayesteh specifically stated as follows: "3.The Plaintiff, Ahmad R. Shayesteh (hereinafter may also be referred to as "Shayesteh"), is a citizen of the country of Iran, and a Permanent Resident of the United States of America." Id. at 26 (Complaint, ¶3). Shayesteh claimed that government agents confiscated property belonging to him, including $4 million worth of diamonds, which he had placed in a safe deposit box in a Provo, Utah, bank in 1995. Id. at 26-27. With respect to those diamonds he further averred that they were "his family heirloom, which had been handed down to him from several generations as a rite of male primogeniture and Shayesteh's important lineage in his tribe. The said heirloom consisted of 382 ingeniously-cut, multifaceted, brilliantly-polished, white D-flawless diamonds (each weighing between 1 to 2.3 carats) with the net total weight of 575 carats (hereinafter may be collectively referred to as "Diamonds"). The said Diamonds, when placed in the safety deposit box, were wrapped in velvet and other cloth, padded with plastic and paper wrappings, and sealed in one manila envelope. The said manila envelope was marked on its outside with a rhombus-shaped diamond figure. The said manila envelope on its outside also bore Shayesteh's address in Iran." Id.

6

§1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory.[4]  At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §1231(a)(3) & (6).

In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation.

---

[4]Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of then following:
>
> (i)  The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.

7

Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention."  Id. at 2498.  The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 2503.  To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention."  Id. at 2505.  The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  Id.  The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Following the Supreme Court's decision in Zadvydas, regulations have been promulgated to meet the criteria established by the Supreme Court.  See 8 C.F.R. § 241.4.  Prior to the expiration of the 90 day removal period, the district director shall conduct a

8

custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the Headquarters Post-Order Detention Unit for further custody review. 8 C.F.R. § 241.4(k)(1)(ii).

Shayesteh's order of removal became administratively final on February 24, 2015, the date the Board of Immigration Appeals dismissed his appeal of the Immigration Judge's September 22, 2014, removal order. See 8 C.F.R. §1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals[.]"). Because the six month period established by the Supreme Court has not expired and Shayesteh does not contend he has been denied a hearing pursuant to Zadvydas, he is prematurely before the Court. Furthermore, Shayesteh does not argue or present any evidence to show that his removal from the United States is unlikely in the reasonably foreseeable future. Consequently, the court will dismiss Shayesteh's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Finally, because Shayesteh is not detained because of process issued by a state court and the petition is not brought

9

pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.


/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

Dated: April 9, 2015